[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff claims a book account owing to him from CT Page 10141 the defendant in the amount of $2,927.35. The defendant claims it is entitled to a setoff against the claim.
The parties have stipulated to the following facts:
 1. The amount of the open book account is $2,927.35. (this amount is subject to setoff credit).
 2. The defendant is entitled to setoff $420.00 in accordance with paragraph 5 of the Claim for Setoff.
 3. The defendant is entitled to setoff $84.00 of the amount claimed in paragraph 7 of the Claim for setoff.
 4. The value of the equipment claimed in paragraphs 1 and 2 of the Claim for Setoff is $2,500.00. (whether to credit this amount to the defendant is in dispute).
The Court finds that the equipment in dispute was borrowed or taken by the agent-salesman for the plaintiff-George Homme. At all times since then it has been in the possession of the plaintiff acting through its agent, the said George Homme. Although the equipment was used on a trial basis by the Lawrence Memorial Hospital, when that hospital opted to buy the equipment, the plaintiff had the order placed through a distributor other than the defendant, (by that time, the defendant was no longer acting as a distributor for the plaintiff).
The defendant refused to take the equipment back and it has at all times since its original removal been in the possession of the plaintiff. At present it is at the Windham Memorial Hospital having been loaned to that hospital by the plaintiff.
During these several transactions, George Homme was the employee of the plaintiff company. His actions were primarily designed to benefit Marquest although any machine sold through his efforts would obviously inure to the benefit of the defendant as well. Nevertheless he was not acting as an independent contractor or as an employee of the defendant. CT Page 10142 It was implied under the facts of this case that when the prospective customer decided to purchase the equipment it would be the equipment supplied by the defendant that would be sold to it.
Accordingly, the defendant is entitled to have the value of the equipment, $2,500.00 as an offset. The offsets thus total $3,004.00 against a debt of $2,927.35.
The defendant is entitled to judgment in the amount of $76.65. It is so ordered.
BY THE COURT, Hon. Lawrence C. Klaczak Superior Court Judge